IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:02-CR-242-BO
NO. 5:12-CV-279-BO

FILED IN OPEN COURT
ON 9/12/2012
Julie A. Richards, Clerk
US District Court
Eastern District of NC

SHAWN KOTARA RUFFIN, )
    Petitioner, )
     )
v. )    O R D E R
     )
UNITED STATES OF AMERICA, )
    Respondent. )

    This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 48]. Petitioner, Mr. Ruffin, asserts that he is not guilty of having been a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) in light of the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).

    The government moved to dismiss Mr. Ruffin's § 2255 petition, arguing that this Court lacks jurisdiction to consider his second or successive petition and that his claim is otherwise barred by the one-year statute of limitations governing such motions. 28 U.S.C. §§ 2255(h); 2255(f). The government has, however, withdrawn its motion, stating that it waives its reliance on the statute-of-limitations defense [DE 54]. Furthermore, because the government now concedes that Mr. Ruffin "has a meritorious claim of actual innocence," it urges the Court to treat Mr. Ruffin's motion to vacate as a petition pursuant to 28 U.S.C. § 2241, as § 2255 is arguably an inadequate or ineffective means by which to test the legality of his detention. *See In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *see also Unites States v. Pararas-Carayannis*, 238 F.3d 432, 2000 WL 1350583 (9th Cir. 2000) (district court has authority to treat § 2255 petition as one

brought under § 2241).

In light of the foregoing and the hearing held in this matter on September 12, 2012, the Court accepts the government's withdrawal and request to treat the pending § 2255 petition as a petition pursuant to § 2241.[1] Accordingly, Mr. Ruffin's petition pursuant to 28 U.S.C. § 2241 is GRANTED and the judgment, sentence, and conviction entered in this matter on June 20, 2003, are hereby VACATED.

SO ORDERED, this 12 day of September, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the government has contended that venue under § 2241 is proper here as Mr. Ruffin is on supervised release within the Eastern District of North Carolina.

2